UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA HEALTH CARE SELF INSURANCE FUND | CIVIL ACTION |
| VERSUS | NO. 12-766-JJB-RLB |
| THE UNITED STATES OF AMERICA | |

## ORDER

Before the Court is Plaintiff's Motion to Strike (R. Doc. 39) the sur-rebuttal report of Defendant's expert witness, Edward Buttner, IV. The Court's Scheduling Order only addresses the submission of expert reports. It neither addresses, nor imposes deadlines, for the submission of any rebuttal or sur-rebuttal reports. In accordance with the Scheduling Order, Defendant submitted the report of its expert, Mr. Buttner, on March 14, 2014. (R. Doc. 39-1 at 1). Plaintiff then sought and was granted leave to file a rebuttal report by its expert, David Moore, to contradict or rebut the findings made by Mr. Buttner. Mr. Moore's April 14, 2014 rebuttal report was timely filed within 30 days of Mr. Buttner's original report, as provided by Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure. On May 14, 2014, 30 days after receiving Ms. Moore's rebuttal report, Defendant responded to the rebuttal report by submitting a sur-rebuttal written by its expert Mr. Buttner.

Plaintiff now moves to strike the sur-rebuttal report of Defendant's expert Mr. Buttner. (R. Doc. 39). Plaintiff's argument is simple: "Because the Federal Rules of Civil Procedure do not provide for sur-rebuttal reports, and because the USA did not seek leave from the Court to make such disclosure, LHCSIF respectfully requests that the Buttner Rebuttal Report be

stricken." (R. Doc. 39-1 at 2). Defendant responds that because Rule 26(a)(2)(D)(ii) allows a party 30 days to file a rebuttal report and "makes no distinction between the filing of rebuttal reports and rebuttals to rebuttals . . . the terms of the Rule confer on a party an absolute right to submit any form of rebuttal report." (R. Doc. 41 at 1).

A party is required under Rule 26(a)(2) to disclose its expert witnesses and provide a written report if the expert is one retained or specially employed to provide expert testimony. These disclosures must be made in accordance with the court's scheduling order or, absent a scheduling order, "at least 90 days" before the trial date. Fed. R. Civ. P. 26(a)(2)(D)(i). Rule 26(a)(2)(D)(ii) allows for a rebuttal report so long as the report is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C). The rebuttal report must be submitted within 30 days after the other party's disclosure.

Here, the Scheduling Order provided deadlines for the exchange of expert reports; beyond that, it did not address the submission of any rebuttal or sur-rebuttal reports. (R. Doc. 23). Defendant believes that regardless of this absence, the parties are conferred "an absolute right" by the plain language of Rule 26(a)(2)(D)(ii) "to submit any form of rebuttal report" within 30 days after receiving the opponent's report it intends to rebut. While the Court recognizes that the law is split on this issue,[1] we do not read the plain language of Rule 26(a)(2)(D)(ii) to confer a right to continue filing rebuttal (or sur-rebuttal) reports, so long as they are within 30 days of the report being rebutted. In other words, Rule 26(a)(2)(D)(ii) grants each party the opportunity to, within 30 days, submit a rebuttal report "intended solely to contradict or rebut" its opponent's expert report — not its opponent's rebuttal expert report. The

---

[1] *Cf. City of Gary v. Shafer*, No. 07-56, 2009 WL 1370997, at *6 (N.D. Ind. May 13, 2009) ("Although courts in other circuits appear to be split on [this issue,] . . . [t]he Court finds that Rule 26 does not preclude Defendants from having 30 days in which to file a sur-rebuttal report"); *and In re Fleming Companies, Inc., Contract Litigation*, No. 98-6042, 2000 WL 35612913, at *1 (W.D. Mo. Nov. 30, 2000) (Rule 26(a)(2) does not preclude the filing of sur-rebuttal export reports).

2

Rule does not grant any right to rebuttal beyond that initial rebuttal report. That said, the Court also does not read Rule 26(a)(2)(D)(ii) to *prohibit* the filing of sur-rebuttal reports. Instead, a party wishing to provide a sur-rebuttal must first seek leave of Court. *See Carroll v. Allstate Fire & Cas. Ins. Co.*, No. 12-7, 2013 WL 3810864, at *6 (D. Colo. July 22, 2013) ("Sur-reply expert disclosures are not anticipated by the Federal Rules of Civil Procedure . . . ."); *Rothenberg v. Standard Ins. Co.*, No. 11-1906, 2012 WL 2126846, at *2 (D. Colo. June 12, 2012) ("The court finds that Federal Rule 26(a)(2) permits affirmative expert disclosures and rebuttal expert disclosures; it does not permit parties to further rebut rebuttal expert disclosures."); *D.G. ex rel. G. v. Henry*, No. 08-74, 2011 WL 2881461, at *1-2 (N.D. Okl. July 15, 2011) (Rule 26(a)(2) "does not provide authority" for sur-rebuttal reports. Continuously allowing expert rebuttal would create a situation "where there would be no finality to expert reports . . . . Such a system would eviscerate the expert report requirements of Rule 26, would wreak havoc in docket control, and would amount to unlimited expert opinion presentation."); *Houle v. Jubilee Fisheries, Inc.*, No. 04-234, 2006 WL 27204, at *4 n.2 (W.D. Wash. Jan. 5, 2006) ("the federal rules do not contemplate 'sur-rebuttal' experts" and a party wanting to provide sur-rebuttal expert evidence must seek leave of court).

However, the decision of whether to allow a party to present evidence in rebuttal or sur-rebuttal is generally committed to the trial court's discretion. *See Wright Root Beer Co. of New Orleans v. Dr. Pepper Co.*, 414 F.2d 887, 892 (5th Cir. 1969). Although Defendant should have obtained the Court's leave before providing its sur-rebuttal expert report, Plaintiff has not indicated any prejudice that will result from allowing Defendant's sur-rebuttal. In fact, Plaintiff's Motion is based entirely on procedural errors and makes no objection to the substance of the report. (R. Doc. 39-1 at 2) ("The USA's submission of a sur-rebuttal report in this matter

was improper and is not supported by the Federal Rules of Civil Procedure."). Moreover, Plaintiff had the opportunity to depose Defendant's expert both before and after the sur-rebuttal report was provided, and the expert "was questioned extensively" about the sur-rebuttal (R. Doc. 41 at 3). *Compare City of Gary v. Shafer*, No. 07-56, 2009 WL 1370997, at *5 (N.D. Ind. May 13, 2009) (party could not show prejudice in support of its motion to strike opponent's rebuttal expert report where party had the opportunity to depose expert after receiving rebuttal report, and questioned expert about the findings made in the rebuttal); *with Finwall v. City of Chicago*, 239 F.R.D. 494, 499 (N.D. Ill. 2006) (rebuttal expert was stricken where his opinion was disclosed on the eve of discovery and opponent did not have a change to depose rebuttal expert). Because Plaintiff will not be prejudiced by Defendant's sur-rebuttal report, and because Defendant's expert has been deposed in connection with the sur-rebuttal,

**IT IS ORDERED** that Plaintiff's Motion to Strike (R. Doc. 39) is **DENIED**. The Court advises the parties that any future rebuttal reports will not be permitted from experts, unless under extreme circumstances.

Signed in Baton Rouge, Louisiana, on July 25, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**