UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA HEALTH CARE SELF INSURANCE FUND** | **CIVIL ACTION NO. 12-766** |
| | **JUDGE JOHN W. deGRAVELLES** |
| **VERSUS** | **MAG. JUDGE RICHARD L. BOURGEOIS, JR.** |
| **THE UNITED STATES OF AMERICA** | **JURY TRIAL** |

<u>**RULING AND ORDER ON MOTIONS IN LIMINE**</u>

This Ruling and Order addresses several motions *in limine* filed by the parties.[1] Specifically, Plaintiff Louisiana Health Care Self Insurance Fund (the "Taxpayer") has filed a Motion in Limine to Exclude Testimony and Report of Edward W. Buttner, IV (R. Doc. 45) and a Motion in Limine to Exclude Evidence (R. Doc. 70). The Defendant United States of America (the "IRS") has filed a Motion in Limine Regarding Proposed Testimony of Craig L. Pichette (R. Doc. 40) and a Motion *in Limine* Regarding Plaintiffs' Proposed Evidence of Administrative Proceedings Before the Internal Revenue Service (R. Doc. 69). The Court heard oral argument on each motion on September 23, 2014.

Considering the law, the facts in the record, and the arguments of the parties, the Court will **DEFER** ruling on Taxpayer's Motion in Limine to Exclude Testimony and Report of Edward W. Buttner, IV (R. Doc. 45) until a Daubert hearing is conducted on the first day of trial prior to the selection of a jury. Further, Taxpayer's Motion in Limine to Exclude Evidence (R. Doc. 70) is **GRANTED**, except that the Court will **DEFER** ruling on the admissibility of the Buttner survey of property and casualty insurers until trial. The Court will **GRANT** the IRS's Motion in Limine Regarding Proposed Testimony of Craig L. Pichette (R. Doc. 40) in part to the extent that the parties are instructed that neither expert will be permitted to give opinion

---
[1] Plaintiff Louisiana Health Care Self Insurance Fund has also filed a Motion for Partial Summary Judgment (R. Doc. 44). The Court will issue a separate Ruling and Order dealing with this motion.

testimony on legal conclusions, but the Court will **DEFER** until the time of trial a ruling on whether specific questions call for a legal conclusion. Finally, the IRS's Motion *in Limine* Regarding Plaintiffs' Proposed Evidence of Administrative Proceedings Before the Internal Revenue Service (R. Doc. 69) is **GRANTED IN PART**, except that that the Court will **DEFER** ruling on questions related to the credibility of Edward Buttner until the Court can determine the validity of each question at trial outside the presence of the jury.

I.  **Factual Background**

This is a tax refund case. Taxpayer is a workers' compensation self-insurers' fund formed under the laws of the State of Louisiana. (See stipulation in Proposed Pretrial Order, R. Doc. 58, p. 3). At all times relevant to this action, it was engaged in the business of providing workers compensation coverage to its member employers. (Id.) Taxpayer collects funds from its members and pays the members' workers compensation liabilities over time. (Id.)

This case involves its 2002, 2003, and 2004 tax returns. In these years, Taxpayer claimed certain deductions for "Dividends to Policyholders." (Id. at 4). The IRS later undertook an audit of those years and raised an issue with the deductibility of those dividends under 26 U.S.C. § 832(c)(11). (Id.) The IRS issued a Notice of Deficiency to Taxpayer dated January 6, 2012 determining that Taxpayer had a deficiency in its tax amount. (Id.) The deficiencies relate solely to the deductions from Taxpayer's income for member employer dividends declared for the 2002 through 2004 calendar years. (Id.)

On March 30, 2012, Taxpayer made a payment under protest to the IRS in the amount of $2,751,669.40 for all alleged tax deficiencies and penalties assessed against Taxpayer for the January 6, 2012, Statutory Notice. (Id).

Taxpayer claims it was erroneously assessed taxes for amounts that were purportedly claimed as dividends deductible under 26 U.S.C. § 832(c)(11) for the tax periods ending December 31, 2002; December 31, 2003; and December 31, 2004. (Id. at 1). Plaintiff now seeks repayment of the $2,751,669.40, plus interest, attorneys' fees, expert fees, and costs.

The IRS originally claimed that the Taxpayer was not entitled to a refund because it was subject to the economic performance rule and all-events test under 26 U.S.C. § 461(h). On September 2, 2014, the IRS submitted a Supplemental Brief (R. Doc. 67) admitting that the all-events test and economic performance rule did not apply in this case.

The IRS now claims that the Taxpayer is not entitled to a refund because the Taxpayer never "declared" a "dividend." (R. Doc. 67, p. 2). That is the sole issue that remains for the Taxpayer's Motion for Partial Summary Judgment. (Id). The IRS claims that, according to the government's expert witness Edward Buttner, the Taxpayer "declared a de facto surplus, not a dividend." (Id.). The IRS explains that Buttner "based his opinions on the fact that [Taxpayer] refrained from returning its revenues in excess of expenses to its members in order to pay future and/or unforeseen financial obligations, amongst other reasons." (Id.)

## II. Taxpayer's Motion in Limine to Exclude Testimony and Report of Edward W. Buttner, IV (R. Doc. 45)

Taxpayer's first Motion in Limine seeks to exclude the IRS's expert Edward Buttner. For the reasons discussed below, Taxpayer claims Buttner's testimony and report are irrelevant and unreliable.

This Court has explained:

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, (509 U.S. 579) (1973), which provide that the court serves as a gatekeeper, ensuring all scientific testimony is relevant and reliable. This gatekeeping role extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526

3

U.S. 137, 147 (1999). Under Rule 702, the court must consider three primary requirements in determining the admissibility of expert testimony: 1) qualifications of the expert witness; 2) relevance of the testimony; and 3) reliability of the principles and methodology upon which the testimony is based.

*Fayard v. Tire Kingdom, Inc.,* No. 09-171, 2010 WL 3999011, at *1 (M.D. La. Oct. 12, 2010).

"Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence." *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir.1998). As explained in *Johnson v. Samsung Electronics America, Inc.*, 277 F.R.D. 161, 164 (E.D.La. 2011):

> When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir.1998). To meet this burden, a party cannot simply rely on its expert's assurances that he has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required. Id.

Further, as explained in *Scordill v. Louisville Ladder Group, L.L.C.*, No. 02-2565, 2003 WL 22427981, at *3 (E.D.La. Oct. 24, 2003) (Vance, J.):

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. *See Daubert*, 509 U.S. at 596 [113 S.Ct. 2786]. As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citing *Rock v. Arkansas*, 483 U.S. 44, 61, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to " 'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.' " *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chemical Co*., 826 F.2d 420, 422 (5th Cir.1987)).

"Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'" *Johnson*, 277 F.R.D. at 165 (citing Fed.R.Evid. 702 Advisory Committee Notes to 2000 Amendments).

Taxpayer has objected to Buttner's testimony as irrelevant and unreliable on several grounds. Taxpayer first argues that self-insurance funds (SIFs) are distinct from other insurance companies and that Butner has no experience working with Louisiana SIFs. Instead, Butner is relying on opinions from his experience with GAAP for property and casualty insurance companies. The IRS counters that SIFs and property and casualty insurance companies are treated the same for federal tax purposes.

Taxpayer next attacks Buttner for his ignorance of tax law. Buttner has admitted he does not "give tax advice", does not "do tax returns," and does not "typically do tax research." "I don't do tax research, I don't analyze tax cases, and I don't provide tax advice to my insurance clients. I think that's a very highly specialized area." (Deposition of Edward W. Buttner, IV, p. 18, 23, 77, R. Doc. 45-4). Further, Buttner has never read the federal cases dealing with deductibility of dividends under Section 832(c)(11). (Buttner Depo., p. 6, R. Doc. 45-4). Taxpayer particularly emphasizes the IRS's statement that "this case is about federal tax law." (IRS's Memorandum in Opposition to Motion in Limine to Exclude Textimony and Report of Edward W. Buttner, IV., R. Doc. 49, p. 2-3).

Further, Buttner has only worked on Florida SIFs, and there are important differences between Florida law and Louisiana law. For instance, Florida places limits on the distribution of dividends. The IRS counters by stating that the issue is federal tax law and not variations of state law.

Buttner's claim that policyholder dividends should be paid within a year was based on a review of property and casualty insurance companies that prepared and filed annual statements with the National Association of Insurance Commissioners. But Taxpayer is not an insurer and is not required to file these statements.

According to Taxpayer, Buttner's testimony that the Taxpayer's financial statements were not GAAP compliant is irrelevant. Even if true, this fact has nothing to do with the determination of the deduction taken by Taxpayer under § 832(c)(11). The language in § 832(c)(11) says "dividends and similar distributions paid or declared to policyholders in their capacity as such … For purposes of this paragraph, the term "paid or declared" *shall be construed according to the method of accounting regularly employed in keeping the books of the insurance company*." Buttner claims this method of accounting refers to the method used in preparing the financial statements Taxpayer files with the Louisiana Department of Insurance. But, according to Taxpayer's expert Craig Pichette, this language in the statute refers to the overall tax method of accounting employed by the taxpayer (cash or accrual) for federal income tax purposes, not the financial statement method of accounting. (See Declaration of Craig L. Pichette, CPA, R. Doc. 45-9). Thus, Taxpayer argues, even if the dividends were not "liabilities" for GAAP, they are still proper deductions for tax purposes.

Taxpayer also argues that the case law indicates that declarations do not need to be in a fixed amount and can be calculated by fixed formula.

And finally, Taxpayer argues that Butter is simply wrong when he says that, because Taxpayer had sufficient cash to pay a larger portion of the declared dividend, the declared dividend liability somehow is transformed into a surplus. Taxpayer argues that it was still legally required to pay the dividend once declared. And as Taxpayer asserted at oral argument, the Taxpayer has paid almost $38 million of the $48 million declared as dividends. (See Plaintiff's Exhibit Q, R. Doc. 84).

The Court believes that Taxpayer has raised serious questions about the relevance of Buttner's testimony and the reliability thereof. The Court was particularly troubled by Buttner's

lack of expertise in tax law and the fact that the IRS had difficulty identifying the basis for Buttner's opinions that the alleged distributions were not in fact "dividend[s] and similar distributions paid or declared to policyholders" as contemplated by 26 U.S.C. § 832(c)(11).

However, the Court will not rule on the admissibility of Buttner's report and testimony at this time. Rather, the Court feels that, in fairness to both sides, it will conduct a Daubert hearing on the first day of trial, before the selection of a jury, to address these issues more fully. After the hearing, the Court will render a ruling concerning the admissibility of Buttner's testimony and report. *See United States v. Pigott*, No. CR. A. 01-84, 2001 WL 815593, at *2 (E.D. La. July 18, 2001) (deferring ruling on admissibility of scientific testimony until after presentation of analyst's qualifications and methodology); *Chandler v. R&B Falcon Inland, Inc.*, No. 00-2137 2001 WL 839019, at *5-6 (E.D. La. July 23, 2001) ("With regard to the Motion in Limine to exclude Dr. Manale's testimony regarding chemical radiculopathy and Substance P, this Court is of the opinion that said motion would be best dealt with by conducting a *Daubert* hearing"). Accordingly, the Court will defer ruling on the Taxpayer's Motion in Limine to Exclude Testimony and Report of Edward W. Buttner, IV (R. Doc. 45).

**III.    Taxpayer's Motion in Limine to Exclude Evidence (R. Doc. 70).**

Taxpayer originally sought the exclusion of eight categories of evidence. The IRS has conceded four of these categories and will not offer evidence on them.[2] Accordingly, the Motion in Limine is granted as to these items. There are four remaining items.

---

[2] Specifically, the IRS will not offer evidence as to (3) November 14, 1989 Articles of Association and By-Laws; (4) Minutes of 10/16/99 Annual Member Meetings; (5) Taxpayer's 10/16/96 Certificate of Authority; and (7) testimony and evidence regarding criminal charges against KPMG. (See United States' Response to Plaintiff's Motion *In Limine*, R. Doc. 74, p. 4-5).

7

### A. Taxpayer's financial records for the years 1990-2000 and 2005-2012

Taxpayer claims these records are irrelevant because the only years at issue are 2002, 2003, and 2004. The Taxpayer further argues these records will confuse the jury. The IRS Claims these records are relevant because they show a pattern of when dividends are declared and when they are paid (and the fact that dividends are not paid in the year declared). Taxpayer counters that they are willing to stipulate that it has a consistent pattern of declaring dividends to its policy holders and paying those dividends in subsequent years.

Given the Taxpayer's willingness to stipulate to the above, the Court agrees that these records are irrelevant and could confuse the jury. Accordingly, the Court will grant Taxpayer's motion in limine as to these documents.

### B. Louisiana Department of Insurance Examination Report as of 12/31/99

Taxpayer claims that this is irrelevant because it is outside of the years at issue and prepared before the creation of Statutory Accounting Principles codified by the National Association of Insurance Commissioners in January 1, 2001. Taxpayer further claims the report is inadmissible hearsay. Finally, Taxpayer claims it is also inadmissible under Fed. R. Evid. 401/403 analysis; the "report was never intended to be used for any purpose other than an examination by the Department of Insurance to ensure the financial stability of [Taxpayer] as of 1999," (Taxpayer's Memorandum in Support of Motion in Limine to Exclude Evidence, R.Doc. 70-1, p. 4), and its terms are too different from those used in the Statutory Accounting Principles.

The IRS claims this is relevant as to whether the "declared-but-unpaid dividends should be treated as a nondeductible surplus." (United States' Response to Plaintiff's Motion *In Limine*, R. Doc. 74, p. 3). At oral argument, the IRS explained that this was relevant despite being

outside the years at issue because the Taxpayer had stipulated that it declared dividends in the same way for the years covered by the report. Further, IRS claims that it satisfies the public records exception to the hearsay rule under Fed. R. Evid. 803(8). Taxpayer counters that "the source of information [and] other circumstances indicate a lack of trustworthiness" under Fed. R. Evid. 803(8)(B) because no one can cross examine the author or know his qualifications.

The Court has reviewed the document at issue and initially notes that much of it does not concern dividends and distributions. The report never articulates its exact purpose, and the IRS submits no evidence establishing its purpose. The report does note that its "Examination procedures included a verification of assets, a determination of liabilities, and review of income and disbursement items" and that the examination included a review of "minutes of meetings, contractual relations, related party transactions, and other records or procedures relating to the Fund's operating practices." "Specific attention was given to compliance with" certain insurance regulations and statutes, which seems to reflect its primary purpose.

The Taxpayer correctly notes that the author of the document cannot be cross examined about his qualifications and thought process. And its relevance is questionable. Even if the Department of Insurance considered some of the Taxpayer's assets a surplus, as claimed, it is questionable whether that conclusion would have any probative value toward the issue of whether a dividend was declared for purposes of the federal tax statutes at issue.

Accordingly, given the relatively little probative value, the potential for prejudice, and the unfairness of the Taxpayer's inability to cross examine the document, the Court grants the Motion in Limine on this issue.

    **C.**     **Complaint in *Richard, et al. v. KPMG, LLP*, and Testimony Regarding Same**

Taxpayer seeks the exclusion of a Complaint regarding KPMG, the employer of Taxpayer's expert, Craig Pichette. The Complaint alleges that KPMG marketed certain tax shelter transactions to its clients. One paragraph of that Complaint alleges that Pichette marketed a tax shelter transaction to the plaintiff and that the plaintiff was offered an opinion letter by KPMG declaring that the transaction would likely not withstand IRS challenge. Taxpayer claims this is irrelevant and that there was no finding of liability or judgment against KPMG or Pichette.

The IRS says that it will not question Pichette about the complaint but intends to question him about advice he gave to KPMG clients about investing in tax shelters before allegation of illegality and about his role in promoting tax shelters. The IRS claims these shelters were abusive and that this goes to his credibility. While the IRS concedes that Pichette withdrew the advice once the shelters were declared illegal, it claims that this demonstrates his advice "goes up to the line."

This is not a tax shelter case. This evidence would have no probative value and would be highly prejudicial to the Taxpayer. Accordingly, the Court grants the Motion in Limine on this issue.

### D. Evidence of Buttner's Survey of Property and Casualty Insurers

The IRS's expert Buttner did a survey of property and casualty insurers and concluded that the predominant practice in the property and casualty insurance industry was to pay dividends within one year from the year the dividends were declared. Taxpayer seeks to exclude these because it is not a property and casualty company and, as a SIF, it is substantially different than one. The IRS contends that, for purposes of federal tax law, Taxpayer is treated as a property and casualty company, so the comparison is relevant.

The Court will defer ruling on this issue until after the *Daubert* hearing of Edward Buttner. Accordingly, Taxpayer's Motion in Limine to Exclude Evidence (R. Doc. 70) is granted in part and deferred in part.

**IV.    IRS' Motion in Limine Regarding Proposed Testimony of Craig L. Pichette (R. Doc. 40)**

The IRS seeks to exclude Taxpayer's expert Craig L. Pichette. The IRS contends that Pichette is merely offering legal conclusions. On the other hand, Taxpayer argues that Pichette has reviewed relevant laws and is merely offering an opinion that any expert in his field would give after a review of these laws and cases.

Fed.R.Evid. 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." However, the Fifth Circuit has "repeatedly held that this rule does not allow an expert to render conclusions of law." *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996); *See also Owen v. Kerr–McGee Corp.*, 698 F.2d 236, 240 (5th Cir.1983).

"The task of separating impermissible questions which call for overbroad or legal responses from permissible questions is not a facile one." *Owens*, 698 F.2d at 240. In *Owens*, the Fifth Circuit explained:

> The example given in the Advisory Committee Notes to Rule 704 is helpful. The question "Did T have capacity to make a will?" should be excluded. The question "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" is permissible. The first question is phrased in such broad terms that it could as readily elicit a legal as well as a fact based response. A direct response, whether it be negative or affirmative, would supply the jury with no information other than the expert's view of how its verdict should read. Moreover, allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant.

*Id.*

Yet, in *U.S. v. Fogg*, 652 F.2d 551 (5th Cir. 1981), the Fifth Circuit found that a tax agent did not testify as to legal conclusions in a criminal tax evasion case. The defendant objected to the following statement: "Without any other evidence those monies (from FOJC) would be considered constructive dividend (sic) to the taxpayer." *Id.* at 556. The appellate court explained:

> It appears to this Court that Agent Tepper merely stated his opinion as an accountant, and did not attempt to assume the role of the court. Since the court below instructed the jury about the weight to be afforded expert testimony, Agent Tepper's statements were placed in the proper perspective. In reaching the decision to affirm, we considered the testimony in its context, the complexity of the case, and the correctness of the witness' statement.

*Id.* at 556-557. The Fifth Circuit has also emphasized "the trial court's admonitions to the jury to accord no unusual deference to expert testimony and to take the court's instructions as the sole source of applicable law...." *Id.* at 557 (quoting *United States v. Milton*, 555 F.2d 1198, 1204 (5th Cir. 1977)).

The Court agrees with the IRS that Pichette will not be permitted to testify as to legal conclusions. However, it is impossible for the Court to determine at this point what questions will be impermissible and what questions will be permissible. The Court cannot make its decision generally but must rather do so on a question-by-question basis.

Accordingly, the Court will grant the IRS' Motion in Limine Regarding Proposed Testimony of Craig L. Pichette (R. Doc. 40) to the extent that the parties are instructed that experts will not be allowed to give legal opinions. However, the Court will defer ruling on specific questions until the time they are asked.

**V.    IRS' Motion *in Limine* Regarding Plaintiffs' Proposed Evidence of Administrative Proceedings Before the Internal Revenue Service (R. Doc. 69).**

In this Motion *in Limine*, the IRS wants to exclude all evidence of its position in the Statutory Notice and the administrative proceedings. In essence, the IRS does not want the jury to learn that the IRS reversed course on the all events test and economic performance test after years of litigation. The IRS claims that tax refunds claims are *de novo* proceedings in which the tax payer must prove its entitlement to a refund, regardless of what the IRS reached in its administrative proceedings.

However, the Taxpayer, on the other hand, says that that the evidence is admissible for other purposes. These include establishing the basis of the IRS's determination and for attacking the credibility of the IRS's expert Buttner.

The law is clear in the Fifth Circuit that "[t]he Government may assert at the trial of a refund suit a theory not previously presented in the course of the proceedings." *Kincaid v. United States*, 682 F.2d 1220, 1222-1223 n. 3 (5th Cir. 1982)(citations omitted). In *King v. United States*, "the IRS presented one theory during the administrative process, discarded that theory, then presented and discarded a second theory during the administrative process, then offered a third theory; before trial, however, the government reverted to the first theory." *Cooper v. U.S. ex rel. C.I.R.*, No. 07-10761, Slip Copy, 2008 WL 2325644, at *2 n. 4 (5th Cir. June 6, 2008) (citing *King v. United States*, 641 F.2d 253, 258 (5th Cir. 1981) and *King*, 641 F.2d at 270 (Fay, J., dissenting)). The *King* court held that IRS was permitted to do so, that the burden would not shift in the case, and that the taxpayer's only possible remedy was a continuance. 641 F.2d at 259. Thus, evidence of prior administrative proceedings is simply irrelevant to the overall merits of the case.

Further, numerous cases from other courts support the conclusion that these documents are irrelevant to the merits of the case. *E.g., Xcel Energy, Inc. v. United States*, 237 F.R.D. 416,

418 (D.Minn. 2006)(finding that documents from earlier administrative proceeding were irrelevant and explaining, "a deficiency [tax] assessment may be sustained upon any legal ground supporting it, even though the Commissioner did not rely thereon when the assessment was made, so long as the assessment is right on any theory it must be sustained."); *Mayes v. U.S.*, No. 84-5157, 1986 WL 10093, at *2-3 (W.D. Mo. June 12, 1986)(denying motion to compel); *McLeod v. United States*, No. 98-1655, 2000 WL 1902257, at *2 (D. Nev. Nov. 15, 2000).

Taxpayer has identified case law indicating that the evidence is admissible, though not for the merits. See *Trinity Indus. Inc. v. United States*, 757 F.3d 400, 413 (5th Cir. 2014). These limited purposes include establishing background information and showing bias. *Haag v. C.I.R.*, 88 T.C. 604, 623 n. 14 (1987), aff'd, 855 F.2d 855 (8th Cir. 1988); *Hudspeth v. Commissioner*, 914 F.2d 1207, 1214 (9th Cir. 1990).

The Court will grant the Motion *in Limine* Regarding Plaintiffs' Proposed Evidence of Administrative Proceedings Before the Internal Revenue Service (R. Doc. 69) in part. Taxpayer cannot use the evidence of the administrative proceeding to prove the merits of its case. However, the Court may allow testimony of the administrative proceeding for the limited purpose of contesting the credibility of Edward Buttner. The Taxpayer must give notice in open court of its intention to ask any question on this issue. The Court will then hear the specific question outside of the presence of the jury and rule on whether the Taxpayer will be allowed to ask it.

## VI.   CONCLUSION

Accordingly,

IT IS ORDERED that the Court will **DEFER** ruling on the Louisiana Health Care Self Insurance Fund's Motion in Limine to Exclude Testimony and Report of Edward W. Buttner, IV (R. Doc. 45) until a Daubert hearing is conducted on the first day of trial prior to the selection of a jury;

IT IS FURTHER ORDERED that the Louisiana Health Care Self Insurance Fund Motion in Limine to Exclude Evidence (R. Doc. 70) is **GRANTED**, except that the Court will **DEFER** ruling on the admissibility of the Buttner survey of property and casualty insurers until trial;

IT IS FURTHER ORDERED that the Court will **GRANT** the United States of America's Motion in Limine Regarding Proposed Testimony of Craig L. Pichette (R. Doc. 40) in part to the extent that the parties are instructed that neither expert will be permitted to give opinion testimony on legal conclusions, but the Court will **DEFER** until the time of trial a ruling on whether specific questions call for a legal conclusion.

IT IS FURTHER ORDERED that the United States of America's Motion *in Limine* Regarding Plaintiffs' Proposed Evidence of Administrative Proceedings Before the Internal Revenue Service (R. Doc. 69) is **GRANTED IN PART** and **DEFERRED IN PART** until a question-by-question determination can be made on the day of trial outside the presence of the jury.

Signed in Baton Rouge, Louisiana, on <u>September 29, 2014</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**